IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| : | |
| v.   : | CRIMINAL ACTION |
| : | NO. 1:94-CR-0339-JOF |
| : | |
| ERNEST PATTON, : | |
| : | |
| Defendant.   : | |

## OPINION AND ORDER

This matter is before the court on Defendant's motion for a reduction in sentence [285-1].

After a jury trial, Defendant, Ernest Patton, was convicted of racketeering acts and racketeering conspiracy in violation of RICO, 18 U.S.C. § 1962(c) & (d). Defendant filed a direct appeal. In a judgment entered on January 9, 2001, the United States Court of Appeals for the Eleventh Circuit affirmed Defendant's conviction and sentence. On April 3, 2002, Defendant, proceeding *pro se*, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The court denied that motion on July 29, 2003. Defendant filed a notice of appeal of that order on October 14, 2003. The Eleventh Circuit dismissed that appeal for lack of jurisdiction on December 5, 2003. On May 4, 2005, Defendant filed motions for leave to appeal *in forma pauperis* and for appointment of counsel. Because Defendant did

AO 72A
(Rev.8/82)

not inform the court which ruling he intended to appeal, the court denied those motions on June 15, 2005.

Defendant then filed the instant motion for a reduction in sentence, purportedly pursuant to 18 U.S.C. § 3582(c). He contends that the United States Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005), has amended the Sentencing Guidelines nunc pro tunc to November 1, 1987. The court interprets Defendant's motion as a successive habeas corpus application pursuant to 28 U.S.C. § 2255. The court cannot consider Defendant's motion because he did not first apply for authorization from the court of appeals. *See* 28 U.S.C. § 2255, § 2244(b)(3)(A). Even if the court could consider Defendant's motion, however, it is without merit. Defendant's conviction became final in 2001. The Supreme Court's ruling in *Booker* does not apply retroactively on collateral review. *See*, *e.g.*, *Varela v. United States*, 400 F.3d 864, 967-68 (11th Cir. 2005).

For the foregoing reasons, the court DENIES Defendant's motion for a reduction in sentence [285-1].

**IT IS SO ORDERED** this 24th day of March 2006.

s/ J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE
