IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL ACTION NO. |
| : | 1:94-CR-0339-JOF |
| ERNEST PATTON, : | |
| : | |
| Defendant. : | |

## OPINION AND ORDER

This matter is before the court on Petitioner's motion to vacate the court's July 29, 2003 order denying his section 2255 motion [289-1].

After a jury trial in 1998, Petitioner, Ernest Patton, was convicted of several counts of racketeering and conspiracy. In April 1999, he was sentenced to 480 months' imprisonment. The United States Court of Appeals for the Eleventh Circuit affirmed Petitioner's conviction and sentence in an opinion dated April 12, 2001. In an order dated July 29, 2003, the court denied Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner filed a notice of appeal of that order on October 14, 2003. The Eleventh Circuit dismissed that appeal for lack of jurisdiction on December 5, 2003.

On January 17, 2006, Petitioner filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c) and citing *United States v. Booker*, 543 U.S. 220 (2005). The court denied that motion on March 24, 2006.

Pursuant to Rule 60(b), Petitioner has now filed the instant motion to vacate the court's order denying his section 2255 motion. In its July 29, 2003 order the court held that Petitioner's original section 2255 motion was timely, but that his first and second amended petitions were untimely because they were filed more than ninety days after the Court of Appeals had affirmed his conviction and sentence. The court used that calculation because Petitioner did not assert that he had filed a petition for a writ of certiorari with the United States Supreme Court.

In his instant Rule 60(b) motion, Petitioner now contends that he did file a petition for a writ of certiorari with the United States Supreme Court, and the Supreme Court denied that petition on October 1, 2001. He attaches a copy of the Court's order to his motion indicating that he was in receipt of that order. Thus, Petitioner argues that the court incorrectly determined that his first and second amendments to his habeas petitions were untimely.

In habeas proceedings, a Rule 60(b) motion which challenges a district court's determination of whether a habeas petition was time barred is not a "second or successive" habeas petition. *See Gonzalez v. Crosby*, 545 U.S. 524 (2005). Under Rule 60(b), a court may relieve a party from a final judgment or order for, *inter alia*, "mistake, inadvertence," "newly discovered evidence which by due diligence could not have been discovered in time,"

"fraud . . ., misrepresentation, or other misconduct of an adverse party," or "any other reason justifying relief from the operation of the judgment." *Id.* The Rule also specifies that the "motion shall be made within a reasonable time, and for reasons (1) [mistake], (2) [newly discovered evidence], and (3) [fraud] not more than one year after the judgment, order, or proceeding was entered or taken." *Id. See also Olmstead v. Humana, Inc.*, 154 Fed. Appx. 800 (11th Cir. 2005).

Petitioner moves for relief under Rule 60(b)(6). Under this catch-all provision, the motion must be filed within a "reasonable time." In determining what is a "reasonable time," courts may consider such things as the interest of finality, the reason for the delay, and the ability of the party to learn earlier of the grounds relied on in the motion. *See*, *e.g.*, *Kagan v. Caterpillar Tractor Co.*, 795 F.3d 601, 610-11 (7th Cir 1986).

Petitioner had been on notice since July 29, 2003, that whether or not he filed a petition for a writ of certiorari was an issue in determining the timeliness of his habeas petition. He has filed numerous motions since the time the court entered that order, none of which addresses this issue. In the instant motion, Petitioner has offered no explanation for why he could not file the motion until more than three years after the court's order. Under these circumstances, the court finds that Petitioner has not filed his motion within a "reasonable time."

Furthermore, the catch-all subsection is to be used only in "extraordinary circumstances," *see Gonzalez v. Crosby*, 545 U.S. 524 (2005). In *Gonzalez*, the Court

3

rejected a Rule 60(b)(6) motion where the petitioner contended that the Eleventh Circuit's interpretation of the AEDPA statute of limitations in his earlier case had been rejected by the Supreme Court in *Artuz v. Bennett*, 531 U.S. 4 (2000). The Court held that the fact a later Supreme Court opinion arrived at a different interpretation of the statute was not an "extraordinary circumstance." Here, Petitioner's circumstances are even less extraordinary than Gonzalez's because Petitioner, himself, had the knowledge necessary to inform the court that he had filed a petition for a writ of certiorari.

For the foregoing reasons, the court DENIES Petitioner's motion to vacate the court's July 29, 2003 order denying his section 2255 motion [289-1].

SO ORDERED, this 8th day of December 2006.

                                                        s/ J. Owen Forrester
                                                       J. OWEN FORRESTER
                                      SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)