# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

United States of America,

v.  Case No. 1:94-cr-339-MLB

Ernest Patton,

    Defendant.

_____/

## OPINION & ORDER

Defendant Ernest Patton moves for compassionate release under 18 U.S.C.§ 3582(c)(1)(A).  (Dkts. 360.)  The United States opposes his motion.  (Dkt. 363.)  The Court denies it.

## I. The Background Facts

A jury convicted Defendant Patton of participating in a RICO enterprise and conspiring to participate in a pattern of racketeering activity.  (Presentence Report at ¶ 6.)  The evidence showed that Defendant Patton was the head of a RICO enterprise that sold cocaine in Atlanta and elsewhere.  The evidence also showed that Defendant Patton ordered the murder of a former associate who had begun cooperating with

law enforcement. (*Id.* at ¶¶ 7, 14-21.) The district court sentenced Defendant Patton to imprisonment for 480 months. (Dkt. 241.) He has been in custody since 1995.

The Court denied Defendant Patton's prior motion for compassionate release, finding he had not exhausted his administrative remedies. (Dkt. 359.) Defendant Patton moved for reconsideration arguing he has now exhausted those remedies and should be released because (1) he would not receive as severe a sentence today as a result in changes to the law since his conviction and sentencing, (2) he has rehabilitated himself and performed other admirable acts while in custody, and (3) unidentified medical conditions. (Dkt. 360 at 3, 14-20, 22-25.)

## II. The Law

Previously, compassionate release was only available to an inmate if the Bureau of Prisons ("BOP") filed a motion requesting it. *See* 18 U.S.C. § 3582 (as effective Nov. 2, 2002 to Dec. 20, 2018). The First Step Act of 2018 changed that by allowing a defendant to file a motion for compassionate release directly with the sentencing court. 18 U.S.C. § 3582(c)(1)(A). A court may not act on such a request until after the

inmate has "fully exhaust all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his or her] behalf or the lapse of 30 days from the receipt of such a request by the warden of [the inmate's] facility, whichever is earlier." *Id.* A court may then modify a term of imprisonment "if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable," the court finds "extraordinary and compelling reasons warrant the reduction" and that the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Section 1B1.13 of the Sentencing Guidelines and its Application Note 1 provide the policy statement for what constitutes "extraordinary and compelling reasons." U.S.S.G. § 1B1.13(2)–(3) (Application Note 1.). They provide that extraordinary and compelling reasons include medical conditions like a terminal illness; some other serious physical, medical, or cognitive impairment that prevents a defendant from providing self-care within the correctional facility; the attainment of age 65 with serious deterioration as a result of the aging process; family circumstance like the loss of a caregiver to minor children or the incapacitation of a spouse with no other caregiver; or some other compelling reasons determined by the Bureau of Prisons.

*See* U.S.S.G. § 1B1.13 (Application Note 1). The policy statement also says the Court must determine "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.*

The Sentencing Commission has not updated U.S.S.G. § 1B1.13 since passage of the First Step Act, including possibly to identify additional categories of extraordinary and compelling circumstances. But that section and Application Note 1 still apply and limit what a court may consider as extraordinary and compelling circumstances. *United States v. Bryant*, 996 F.3d 1243, 1265 (11th Cir. 2021).

### III. The Legal Analysis

The United States concedes (and the Court agrees) Defendant Patton has now complied with the first step in the process—filing his motion with this Court after first requesting relief from the warden and then waiting 30 days after making the request with no response. (Dkt. 363 at 2.) The Court thus has the authority to consider his compassionate release motion.

His request, however, fails at the second step because Defendant Patton has not shown extraordinary and compelling circumstances

justifying compassionate release. Defendant Patton argues that, as a result of the first Step Act, the Court "possesses [the] authority to reduce a sentence if and whenever if finds 'extraordinary and compelling reasons' warrant such a reduction." (Dkt. 360 at 9.) That is not correct. As already explained, the Eleventh Circuit has said a district court may not expand compassionate release beyond the terms of the policy statement included in the Sentencing Guidelines. *Bryant* 996 F.3d at 1243 ("district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13"). The Sentencing Guidelines do not classify post-sentencing changes to the law as extraordinary and compelling. Defendant Patton's argument that he would not have received such a long sentence if he were sentenced today is thus, not only pure speculation considering his involvement in the murder of a coconspirator, but also not a basis for compassionate release. The same is true of his argument that he has been rehabilitated during his years of incarceration. The law does not permit the Court to reduce his sentence as a result of that good conduct.

Defendant Patton contends he suffers from "medical limitations which will restrict his activities going forward . . and that "will also limit

the likelihood that he will become engaged in dangerous activity." (Dkt. 360 at 19-20.) Medical conditions can constitute extraordinary and compelling circumstances. But, Defendant Patton has not explained his medical conditions, let alone presented evidence they rise to the level of extraordinary and compelling. Put in terms of the relevant policy statements, nothing suggests Defendant Patton's medical conditions are akin to a terminal illness or "substantially diminish" his ability to "provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13 cmt. n.1(A).

Even if Defendant Patton's medical conditions or rehabilitation were somehow extraordinary or compelling, the Court would deny relief on the grounds it cannot conclude Defendant Patton is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). Defendant Patton was a leader or manager of a large drug trafficking organization. He organized and directed the pre-meditated murder of a co-defendant for one reason, to protect himself from prosecution. And after fleeing Atlanta to avoid that conduct, he was found in California with more drugs and false identification documents. His conduct prevents the Court from reaching a conclusion he would not

be an on-going danger. And even going one step further, if the Court could get around all the other issues and see past the danger he poses to others, the Court still would not, after considering the factors set forth in 18 U.S.C. § 3553(a), exercise its discretion to provide compassionate release. Again, Defendant Patton was part of a dangerous organization for a long time. He sold a significant amount of drugs and, as stated above, directed the killing of another participant. Having reviewed the PSR, the Court finds that, to release Defendant Patton now, would not promote respect for the law, reflect the seriousness of the offense, provide just punishment, afford adequate deterrence, or protect the public. It also would not accurately reflect the nature and circumstances of his offenses. Considering all the applicable factors, this Court remains convinced the sentence imposed is sufficient but not greater than necessary to comply with the purposes of the sentencing statute.

## IV.  The Conclusion

For these reasons, the Court **DENIES** Defendant Patton's motion for compassionate release. (Dkts. 360.)

**SO ORDERED** this 22nd day of April, 2022.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE